UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE HOLLADAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0519-B |
| | § | |
| OTA TRAINING, LLC, OTA | § | |
| SOLUTIONS, INC., and ROBERT P. | § | |
| SABELLA, Individually, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Joyce Holladay's Motion for Default Judgment (Doc. 24), filed on April 17, 2015. For the following reasons, the Court **DENIES without prejudice** Plaintiff's Motion.

I.

BACKGROUND

This case was originally filed on February 11, 2014. In her Complaint (Doc. 1), Plaintiff alleges that she worked for Defendants between August 2012 and April 2013. Doc. 1, Compl. ¶ 10. During that time, Defendants "regularly refused to compensate Plaintiff for all hours worked each week." *Id.* ¶ 11. Additionally, she worked "one or more weeks" in excess of forty hours but did not receive overtime pay. *Id.* ¶¶ 13–14. Plaintiff claims Defendants willfully violated her rights under the Fair Labor Standards Act (the "FLSA"), as amended, 29 U.S.C. § 201, *et seq. Id.* ¶¶ 12, 15. On March 1, 2014, process was served on all Defendants and the executed summonses were returned

on March 16, 2014. Docs. 5–7. Defendants failed to answer or otherwise defend themselves within the time allowed. Consequently, on October 16, 2014, the Clerk of the Court entered a default against all Defendants. Doc. 22, Clerk's Entry of Default.

## II.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis.[1] *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

[1] whether material issues of fact exist; [2] whether there has been substantial

---

[1] To obtain a default judgment in cases involving servicemembers, the plaintiff must also certify that the defendant is not serving in the military. 50 App. U.S.C. § 521(b)(1).

prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, courts are to assume that due to its default, a defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III.

### ANALYSIS

A. *Whether Default Judgment is Appropriate*

After reviewing Plaintiff's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Defendants have not filed any responsive

pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex, Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default are "clearly established," as Defendants have not responded to the summons and complaint, the entry of default, or the Motion over the past year and a half. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that "[d]efault judgment is appropriate if defendants are 'totally unresponsive' and the failure to respond is 'plainly willful, as reflected by [the parties'] failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment'" (quoting *Cumins Ins. Society, Inc. v. Billups*, No. 10-1478, 2010 WL 4384228, at *2 (D.D.C. Nov. 4, 2010))). Fourth, there is no evidence before the Court to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff only seeks the relief to which she is entitled under the FLSA, mitigating the harshness of a default judgment against Defendants. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.      *Whether There is a Sufficient Basis for Judgment in the Pleadings*

Due to their default, Defendants are deemed to have admitted the allegations set forth in the Complaint. Nonetheless, the Court must review the pleading to determine whether Plaintiff can establish a viable claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206.

Plaintiff alleges that Defendants failed to pay her for all the hours she worked and that they withheld overtime pay throughout her period of employment. Compl. ¶¶ 11–14. Pursuant to § 206(a)(1) of the FLSA, an employer must pay her employees a minimum wage per hour, and § 207(a)(1) requires that no employer shall employ her employees for a workweek longer than forty hours "unless such employee receives compensation for his [overtime hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §§ 206(a)(1), 207(a)(1). Thus, Plaintiff's allegations, which the Court accepts as true based on Defendants' default, establish violations of the FLSA. *See Nishimatsu Constr.*, 515 F.2d at 1206. Consequently, the Court finds that there is a sufficient basis for default judgment in Plaintiff's pleadings.

C.   *Damages*

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002)). A hearing or detailed affidavits establishing the facts necessary to award damages are usually required, unless the amount of damages is capable of mathematical calculation by reference to the pleadings and supporting documents. *See United Artists*, 605 F.2d at 857; *James*, 6 F.3d at 310. Plaintiff requests unpaid minimum wages and overtime pay, as well as liquidated damages under the FLSA. She does not include a set amount in the Complaint, but in an affidavit filed on the same day as her Motion, Plaintiff estimated her total damages at $22,164.00. Doc. 25, Aff. 1–3.

The flaw in Plaintiff's unpaid minimum wages and overtime requests is that she provides nothing other than her own sparse declarations in support. There are no time sheets, pay stubs, work logs, or other evidence to substantiate the length of her employment, her hourly rate, or the hours

she worked. Though the Court accepts as true the allegations that Plaintiff makes with respect to her underlying claim, it is nonetheless reluctant to grant Plaintiff's request for damages absent any supporting documents. *See Luster v. Desoto Kwik Kar, Inc.*, No. 13-CV-0940, 2013 WL 6164294, at *3 (N.D. Tex. Nov. 20, 2013); *cf. Gibbs v. Parr Mgmt., LLC*, No. 12-CV-4474, 2013 WL 2355048, at *1 (N.D. Tex. May 29, 2013) (plaintiff provided detailed affidavit listing dates and work hours to support overtime claim); *Bell v. Able Sec. & Investigations, Inc.*, No. 10-CV-1945, 2011 WL 2550846, at *1 (N.D. Tex. June 28, 2011) (plaintiff provided timekeeping records to support overtime claim); *Bullion v. Transtec Sys., Inc.*, No. 07-61463-CIV, 2008 WL 4218119, at *2 (S.D. Fla. Sept. 15, 2008) (plaintiff "submitted detailed affidavit to establish claimed damages"); *Carazani v. Zegarra*, No. 12-107(RC), 2013 WL 5303492, at *7 (D.D.C. July 3, 2013) (plaintiff provided employment contract, prevailing wage determination policy guidance from Employment and Training Administration, prevailing wage rates for housekeepers in area, FLSA minimum wage for that period, and weekly tabulation of hours she worked to support her claims). This is especially true considering that, in response to the Court's order to produce documentation regarding her employment and pay (Doc. 27), Plaintiff stated that "[n]either [she] [n]or the Defendant maintained any payroll or employment records showing the days, dates, or hours worked or rate of pay." Doc. 28, Resp. to Judge's Order 1.[2]

Plaintiff also avers that she is entitled to "fees and costs as are also provided by the FLSA."

---

[2] The only "records" that Plaintiff has produced are nine pages of names and email addresses, accompanied by time and date stamps (as well as what appears to be Plaintiff's own handwritten notations). There are no titles, column headings, or identifying markers of any kind as to what these documents are or who prepared them. Plaintiff describes these documents as "Lead Grabber lists that [she] just happened to have saved in [her] personal email account." Doc. 28, Resp. to Judge's Order 2. This unconventional documentation is too thin a reed for the Court to lean upon in awarding damages for a default judgment.

Doc. 25, Aff. 1. This request, however, suffers from the same deficiency—namely, that Plaintiff has provided no documentation from which the Court could calculate these fees and costs she claims to be owed. In fact, Plaintiff has not even articulated the amount of these supposed fees and costs.

In light of these deficiencies and the Fifth Circuit's disinclination to award damages absent a hearing or detailed affidavits establishing the necessary facts, *United Artists*, 605 F.2d at 857, the Court cannot grant Plaintiff's request for unpaid minimum wages, overtime pay, and "fees and costs." The Court further declines at this time to award Plaintiff her requested liquidated damages, pending supplementation of the record with supporting material for the unpaid minimum wages, overtime, fees, and costs.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES without prejudice** Plaintiff's Motion for Default Judgment. Plaintiff is directed to supplement the record as addressed above on or before **November 13, 2015**. Plaintiff is further directed to serve a copy of her Motion for Default Judgment (Doc. 24) as well as the directed supplementation on Defendants, or their Registered Agent for Service, prior to the November 13, 2015 deadline for supplementation.

**SO ORDERED.**

**SIGNED: October 8, 2015.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE