UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE HOLLADAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0519-B |
| | § | |
| OTA TRAINING, LLC, OTA | § | |
| SOLUTIONS, INC., and ROBERT P. | § | |
| SABELLA, Individually, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Joyce Holladay's supplemented Motion for Default Judgment (Doc. 30), filed on November 24, 2015. For the following reasons, the Court **DENIES** Plaintiff's Motion.

### I.
### BACKGROUND

The Court has previously recounted the facts of this case, and so it will only identify those facts relevant to this Order. *See* Doc. 29, Mem. Op. & Order 1–2. This is a Fair Labor Standards Act case in which Plaintiff alleges that Defendants failed to pay her the overtime pay to which she was entitled. Doc. 1, Compl. ¶¶ 13–14. After obtaining an entry of default against Defendants, Plaintiff moved for default judgment. Doc. 24, Mot. for Default J. The Court denied this motion without prejudice because Plaintiff did not include sufficient evidence to show the dates of her employment or the work she performed for Defendants. Doc. 29, Mem. Op. & Order 5–7. Plaintiff was allowed

an opportunity to supplement her motion with further evidence, which she has now done. Doc. 30, Resp. to Judge's Order and Supplementation of Record. On December 22, 2015, Defendants filed an answer and counterclaim against Plaintiff. Doc. 32, Answer. The Court will now review the supplemented motion for default judgment.

## II.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis.[1] *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

---

[1] To obtain a default judgment in cases involving servicemembers, the plaintiff must also certify that the defendant is not serving in the military. 50 App. U.S.C. § 521(b)(1).

>[1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, courts are to assume that due to its default, a defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III.

### ANALYSIS

A.  *Whether Default Judgment is Appropriate*

After reviewing Plaintiff's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is not procedurally warranted. "[A] district court has the discretion to decline to

enter a default judgment," and here the relevant factors weigh against such a "disfavored" result. *Lindsay*, 161 F.3d at 893. First, Defendants have filed an answer, in which they dispute facts material to the outcome of the case. Second, it is not clear how their delay in answering has prejudiced Plaintiff, who admits that she has "not personally expended any sums for costs or fees associated with this action." Doc. 30, Resp. to Judge's Order 1. Third, although the grounds for default were clearly established, Defendants have now answered. Fourth, Defendants' delay in answering was the result of their belief that the withdrawal of Plaintiff's counsel, with whom they had been negotiating, mooted the matter. Doc. 34, Defs.' Resp. ¶¶ 5–6. Fifth, the Court believes that a default judgment at this point would be unduly harsh. The majority of the factors thus weigh against granting a default judgment. Therefore, the Court concludes that default judgment is not procedurally warranted.

IV.

CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Default Judgment and **ORDERS** that the Clerk's Entry of Default against Defendants be set aside.

SO ORDERED.

SIGNED: February 1, 2016.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE